UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EWA A. DYBOWSKI, | ) | |
| | ) | |
| PLAINTIFF, | ) | Civil Action No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| MRS BPO, L.L.C., | ) | |
| | ) | Jury Demanded |
| | ) | |
| DEFENDANT. | ) | |

# COMPLAINT

Plaintiff, Ewa A. Dybowski, brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant MRS BPO, L.L.C. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

## VENUE AND JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. §§ 1331, 1367 and 1337.

2. Venue in this District is proper under 28 U.S.C. § 1391 because Defendant conducts business in this District and Defendant attempted to collect a debt from a consumer that resides in this district.

## PARTIES

3. Plaintiff is a resident of the State of Illinois, and is a "consumer" as defined at 15 U.S.C. § 1692a(3) of the FDCPA.

4.     Defendant MRS BPO, L.L.C. ("MRS") is a collection agency engaged as a "debt collector" as defined by and within the meaning of 15 U.S.C. § 1692a(6) the FDCPA, and is engaged in the business of collecting debts in this State where MRS regularly collects or attempts to collect defaulted consumer debts owed or due or asserted to be owed or due another.

5.     MRS is authorized to conduct business in Illinois, and maintains an office and authorized registered agent therein.

## FACTS

6.     Plaintiff Ewa A. Dybowski ("Plaintiff") incurred an alleged loan obligation to Chase Bank N.A., which was assigned after default to National Collegiate Trust. The obligation was incurred as a result of cosigning for a student loan for her daughter Evelyn Dybowski, for educational expenses that her daughter incurred that were for personal purposes ("alleged debt"). The obligation is thus a "debt" as that term is defined in 15 U.S.C. § 1692a(5)

7.     Evelyn Dybowski could not afford to pay the alleged debt and it went into default.

8.     Sometime thereafter, National Collegiate Trust hired MRS to collect the alleged debt from Plaintiff, on the basis that she owes the alleged debt due to having co-signed for the loan obligation.

9.     On or around March 10, 2015, MRS mailed Plaintiff a letter ("First Letter") in connection with the collection of the alleged debt that states in part that Plaintiff owes a balance due to National Collegiate Trust. (Ex. A, Letter from MRS).

10. The First Letter conveyed various information regarding the alleged debt directly to Plaintiff, including the current balance, the client account number, the identity of the creditor, and an MRS Acct. # of XXXX704.

11. In fact, the First Letter was a communication as that term is defined at §1692a(2) of the FDCPA.

12. Plaintiff was represented by an attorney with respect to the alleged debt, at the time that MRS mailed its First Letter to Plaintiff.

13. On or about April 6, 2015, counsel faxed a letter ("Representation Letter") to MRS, stating in relevant part as follows:

> **Dear Counsel/Sir or Madam:**
>
> **Be advised that I represent Ms. Dybowski in the matter referenced above. Please forward any future correspondence to my office. She disputes that she owes this debt in the amount you seek.**
>
> **Sincerely,**
>
> **Mario Kris Kasalo**

(Exhibit B, Letter from Plaintiff's counsel dated April 16, 2015).

14. The Representation Letter was faxed on April 6, 2015 to fax number 1-856-988-7233.

15. MRS uses fax number 856-988-7233 in connection with debt collection, and the fax number was in use by MRS on April 16, 2015.

16. MRS received the Representation Letter on April 6, 2015.

17. On and after April 6, 2015, MRS was aware that Plaintiff was represented by counsel, whose telephone number, name and address it also knew.

18. Despite being aware that Plaintiff was represented by counsel as to the alleged debt, MRS continued to communicate directly with the Plaintiff in connection with the collection of the alleged debt.

19. On or around April 22, 2015, MRS again directly mailed to Plaintiff a letter ("Second Letter") in connection with the collection of the alleged debt, that states in part that Plaintiff owes a balance due to National Collegiate Trust. (Ex. C, Letter from MRS dated April 22, 2015).

20. The Second Letter conveyed various information regarding the alleged debt directly to Plaintiff, including the current balance, the client account number, the identity of the creditor, and an MRS Acct. # of XXXX704.

21. The Second Letter referenced the same alleged debt as the First Letter and Representation Letter, using the same MRS Acct. # of XXXX704.

22. In fact, the Second Letter was a communication as that term is defined at §1692a(2) of the FDCPA.

23. 15 U.S.C. § 1692c(a)(2) provides as follows:,

**§ 1692c. Communication in connection with debt collection**

**(a) Communication with the consumer generally**

**Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—**
**…**
**(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;…**

24. Section 1692c(a)(2) thus proscribes a debt collector's communication with a consumer if a debt collector knows that the consumer is represented by an attorney, unless the attorney consents or does not respond to the collector's communications.

25. MRS violated 15 U.S.C. § 1692c(a)(2) by mailing the Second Letter directly to Plaintiff, instead of to her attorney, as MRS communicated with Plaintiff after it knew that Plaintiff was represented by counsel, without counsel or Plaintiff's consent.

26. Plaintiff suffered emotional distress as the result of MRS' actions, as she was made to think that her attorney was not handling the matter which he was retained to handle, since MRS was communicating directly with her instead of her attorney—an event that her attorney explained to her should not occur.

27. MRS' collection communications and activities are to be interpreted under the "unsophisticated consumer" standard. See *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I-VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. – MRS

28. Plaintiff repeats and re-alleges the foregoing paragraphs.

29. MRS violated the FDCPA, 15 U.S.C. § 1692c(a)(2) by mailing the Second Letter to Plaintiff after it was aware that Plaintiff was represented by counsel with respect to the alleged debt.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant MRS BPO, L.L.C., for the following:

a) Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

b) Actual damages suffered by Plaintiff;

  c)  Plaintiff's attorney fees and costs; and

  d)  Any other relief deemed appropriate by this Honorable Court.

            Respectfully Submitted,

            By: /s/ M. Kris Kasalo

**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, IL 60602
tele 312-726-6160
fax 312-698-5054
mario.kasalo@kasalolaw.com

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs hereby demand trial by jury in this action.

## NOTICE OF LIEN AND ASSIGNMENT

  Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.